**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ROY P. LOWE, | DOCKET NUMBER |
| Appellant, | AT-0752-14-0734-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: October 30, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sheron Lowe</u>, Pensacola, Florida, for the appellant.

<u>Steven P. Hester</u>, Pensacola, Florida, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1       The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed without good cause shown for the delay. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant is appealing his removal from his position as a firefighter. Initial Appeal File (IAF), Tab 1. The agency initially issued a Decision on Notice of Proposed Removal to the appellant on March 10, 2014. IAF, Tab 11 at 72-78. However, the agency rescinded this removal on March 17, 2014, notifying the appellant via an email attachment. *Id*. at 80-81. Also attached to this email was a new Decision on Notice of Proposed Removal effective March 11, 2014. *Id*. at 80, 82-88. The decision was signed and in the same format as the prior rescinded decision. *Id*. The appellant's representative responded to this March 17, 2014 email on the same day. IAF, Tab 12 at 20.

¶3      On April 17, 2014, the appellant electronically filed the instant Board appeal and attached the decision letter to his appeal. IAF, Tab 1. According to his appeal, the appellant received the agency's Decision on Notice of Proposed Removal on March 17, 2014. *Id*. at 4. The agency moved to dismiss the appeal as untimely. IAF, Tab 4. After affording the parties notice of and an opportunity to address the pertinent issues concerning timeliness, IAF, Tab 5, the

administrative judge dismissed the appeal as untimely filed with no good cause shown for the delay, IAF, Tab 17, Initial Decision (ID). Specifically, the administrative judge found that the appellant received the agency's decision on March 17, 2014, that the decision provided accurate information on the Board's filing requirements and the appropriate time limits for doing so, and that the appellant's appeal was therefore untimely because it was filed 1 day after the 30-day filing period ended. ID at 4-5.

¶4 The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. On review, the appellant argues, inter alia, that his appeal was timely because the service of the agency's decision by email was not proper and because he did not receive the agency's decision by mail until June 2014. *Id.* at 10, 17-18. The agency has responded in opposition. PFR File, Tab 3.

¶5 The appellant bears the burden of proving by preponderant evidence that his appeal was timely filed. 5 C.F.R. § 1201.56(a)(2)(ii). An appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later. 5C.F.R. § 1201.22(b); *see Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 4 (2014). When the notice of an adverse action is not delivered to the employee until after the effective date listed therein, the time period for filing an appeal to the Board does not begin until the date of delivery. *Cole v. Department of Veterans Affairs*, 77 M.S.P.R. 434, 443-44 (1998). In computing the number of days allowed for filing a submission, the first day counted is the day after the event from which the time period begins to run. 5 C.F.R. § 1201.23.

¶6 The record shows, based upon the response by the appellant's representative, that the appellant received a copy of the decision letter via email on March 17, 2014. IAF, Tab 12 at 11-20. The appellant's receipt of this email is also confirmed by the fact that, although the appellant now alleges not to have received the removal decision by mail until June 2014, IAF, Tab 7 at 15, the decision was attached to his April 17, 2014 appeal, IAF, Tab 1 at 10-16. The

decision did not give the appellant any reason to question its authenticity. We therefore find that the appellant received the removal decision on March 17, 2014. Accordingly, his appeal, which was electronically filed on April 17, 2014, was untimely filed 1 day after the 30-day filing period ended. *See* 5 C.F.R. § 1201.22(b).

¶7      To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Marcantel*, 121 M.S.P.R. 330, ¶ 10. To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Id*. We find that the record before us does not demonstrate good cause for the appellant's untimely filing as the appellant has not provided an explanation for his failure to follow applicable filing requirements and we see no other reason to waive the filing requirements.

After considering the entire record in this matter, we conclude that the appellant has failed to establish a dispute as to material facts regarding the timely filing of his appeal or good cause excusing his late filing, and thus the administrative judge properly dismissed this appeal without holding a hearing.[2] *See Simon v. Department of Veterans Affairs*, 65 M.S.P.R. 176, 180-81 (1994) (finding that the appellant did not show good cause for delay in refiling appeal,

---

[2] The administrative judge failed to inform the appellant of his mixed-case right to appeal from the initial decision on his discrimination claims to the Equal Employment Opportunity Commission and/or the United States District Court. This was error, but it does not constitute reversible error, because we notify the appellant of his mixed-case appeal rights in this Final Order. *See Grimes v. U.S. Postal Service*, 39 M.S.P.R. 183, 186-87 (1988).

even though delay was only 1 day, where chief administrative judge's letter specifically advised appellant of filing deadline).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States

district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.